IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, WESTERN WATERSHEDS PROJECT, FRIENDS OF THE CLEARWATER, and WILDEARTH GUARDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>C.L. "BUTCH" OTTER, Governor of Idaho, in his official capacity; VIRGIL MOORE, Director of the Idaho Department of Fish and Game, in his official capacity; BRAD CORKILL, FRED TREVEY, BOB BAROWSKY, MARK DOERR, RANDY BUDGE, KENNY ANDERSON, and WILL NAILLON, members of the Idaho Fish and Game Commission, in their official capacities,<br><br>Defendants. | Case No. 1:14-CV-258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to intervene filed by individual trappers and their organizations. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion.

## BACKGROUND

Plaintiffs are environmental groups asking the Court to protect the Canada Lynx, a threatened species under the Endangered Species Act (ESA). Plaintiffs allege that in Idaho, trapping of certain wild animals is currently allowed within the range of the Lynx. Although no trapping of the Lynx is allowed, the Lynx is at times accidentally ensnared

**Memorandum Decision & Order – page 1**

in those traps and injured or killed as a result. While there are guidelines to reduce these accidents, the plaintiffs allege that the guidelines are not mandatory and are not included in the State's trapping regulations.

Plaintiffs allege that the State is violating the ESA by allowing trapping in Lynx habitat. They ask that the State change its regulations and obtain an Incidental Take Permit before allowing any trapping in the Lynx habitat.

The proposed intervenors are trappers (and their organizations) who claim that they could be adversely affected by changes in the State's trapping regulations. The trappers point out that they must obtain permits from the State to engage in trapping, and allege that this litigation could affect their property rights in those permits. They seek to protect those property rights by intervening in this action. The plaintiffs' object, claiming that the State will protect the trappers' interests.

## LEGAL STANDARD

Rule 24(a) contains the standards for intervention as of right, and it states in pertinent part as follows:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Circuit has distilled this provision into a four-part test: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter,

impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. *See Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 817 (9th Cir.2001). In general, the Court must construe Rule 24(a) liberally in favor of potential intervenors. *Id.* at 818. Moreover, the Court's evaluation is "guided primarily by practical considerations," not technical distinctions. *Id.* However, "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir.2009).

## ANALYSIS

There is no contention that the application is untimely. To resolve the second and third factors—whether the trappers may suffer, as a result of this lawsuit, an impairment of a "significantly protectable" interest—the Court must follow "practical and equitable considerations and construe the Rule broadly in favor of proposed intervenors." *Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir.2011). The proposed intervenor must show an "interest protectable under some law" and further show that "there is a relationship between the legally protected interest and the claims at issue." *Id.* at 1180. A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id*.

Here, the trappers argue that their interest consists of a property right in their permits that is protected by law. The relief sought by the plaintiffs could affect those permits. If the plaintiffs obtain the relief they seek, the State will have to obtain an

**Memorandum Decision & Order – page 3**

Incidental Take Permit (ITP) from the Environmental Protection Agency. To obtain an ITP, the State will have to submit a Conservation Plan that describes how the State will "minimize and mitigate" the impacts on the Lynx from trapping in its habitat. *See* 16 U.S.C. § 1539(2)(A). This could result in additional regulations on trapping that would become conditions of the trappers' permits, making their work more expensive and difficult. This is sufficient to satisfy the second and third elements that the trappers show they have a "significantly protectable" interest that could be impaired by this litigation. *See WWP v. U.S.,* 2011 WL 2690439 (D.Id. 2011) (granting intervention upon showing that relief might consist of mitigation measures that could have a substantial effect on permits held by proposed intervenors).

The final criteria for intervention examines whether the trappers' interests are already adequately protected by the State. In resolving this issue, the Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Berg*, 268 F.3d at 822. The prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interest. *Id.* However, the burden of showing inadequacy is "minimal," and the applicant need only show that representation of its interests by existing parties "may be" inadequate. *Id.* In assessing the adequacy of representation, the focus should be on the "subject of the action," not just the particular issues before the court at the time of the motion. *Id.*

**Memorandum Decision & Order – page 4**

Here, although the trappers were not named as defendants, the plaintiffs are alleging that they are the ones who are trapping Lynx. The trappers have worked their trap lines in Lynx habitat and may know those areas better than anyone. Thus, the trappers may have insights that the parties lack. *WWP v. U.S., supra* at *4 (finding that cattle ranchers may have special insights into sage grouse habitat on the land they have ranched for generations). Moreover, it cannot be said that the State will "undoubtedly" make the trappers' arguments for them. The State is charged with protecting many different interests, and it is at least possible that those other interests might trump the interests of the trappers.

The trappers need only make a "minimal" showing on inadequacy. They have made that showing. The discussion above shows that they meet all the requirements for intervention as of right, and the Court will accordingly grant their motion. To ensure against redundancy, the Court will require counsel for the trappers to take special efforts to ensure that their briefing and arguments are not redundant with those of the State, and that page limitations are not bypassed through the splitting up of arguments. Obviously this direction goes for the four plaintiffs as well.

The plaintiffs argue that intervention, if allowed, should be subject to two conditions: (1) the trappers must abide by the current Case Management Order, and (2) they must amend their proposed answer to delete any responses that certain laws or regulations "speak for themselves." The Court agrees that the trappers must abide by the current Case Management Order, but finds that plaintiffs can resolve by motion any problems with the trappers' pleadings.

**Memorandum Decision & Order – page 5**

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to intervene (docket no. 32) is GRANTED pursuant to Rule 24(a)(2). The intervenors must comply with the existing Case Management Order (docket no. 29).

DATED: April 17, 2015

B. Lynn Winmill
Chief Judge
United States District Court