IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, WESTERN WATERSHEDS PROJECT, FRIENDS OF THE CLEARWATER, and WILDEARTH GUARDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>C.L. "BUTCH" OTTER, Governor of Idaho, in his official capacity; VIRGIL MOORE, Director of the Idaho Department of Fish and Game, in his official capacity; BRAD CORKILL, FRED TREVEY, BOB BAROWSKY, MARK DOERR, RANDY BUDGE, KENNY ANDERSON, and WILL NAILLON, members of the Idaho Fish and Game Commission, in their official capacities,<br><br>Defendants. | Case No.  1:14-CV-258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to reconsider based on new evidence. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion at this time to allow plaintiffs to conduct discovery concerning the new evidence. The denial of the motion is without prejudice to the right of the State to refile the motion after completion of the discovery.

## ANALYSIS

The plaintiffs – four environmental groups – have sued officials of the State of Idaho, alleging that the State's trapping regulations fail to sufficiently protect

**Memorandum Decision & Order – page 1**

the Canada Lynx, a species that is listed as threatened under the Endangered Species Act (ESA). Plaintiffs point out that trappers, licensed by the State, have captured four lynx in traps meant for other species over the last three-and-a-half years. They urge the Court to impose specific regulatory changes on trapping in lynx habitat that would reduce the chance that lynx would be caught in traps intended to lure other species.

Each side filed a motion for summary judgment. Plaintiffs sought to impose regulatory changes on trapping throughout the State, while the State argued that no changes were required. To resolve these motions, the Court reviewed the status of the lynx in each of the seven Regions defined by the Idaho Department of Fish and Game to determine if it was likely that lynx would be inadvertently trapped in those Regions.

In five of those Regions, the Court concluded that it was not likely that lynx would be inadvertently trapped in the future and denied plaintiffs' request for injunctive and declaratory relief. But in two of the Regions – the northern-most Regions – the Court did find it likely that lynx would be inadvertently trapped and directed the parties to submit a proposed remedy to address this conclusion.

The State responded by filing a motion to reconsider supported by a new Declaration of a key witness, Bridget Fahey, the Division Chief for Conservation and Classification for the Fish and Wildlife Service (FWS). Fahey had filed a Declaration in the first round of summary judgment motions but it was not clear whether she was speaking officially for the FWS. Thus, the Court did not accord to her the deference that might otherwise be due to an agency official interpreting agency materials.

**Memorandum Decision & Order – page 2**

That ambiguity is clarified in Fahey's new Declaration: She describes in detail the official authorization she received from the FWS to testify in this case. *See Fahey Declaration (Dkt. No. 105-2).* It is now clear that Fahey's testimony is the official position of the FWS.

Plaintiffs complain that they have not been able to take discovery regarding Fahey's opinions. Her original Declaration was filed only after the plaintiffs had filed their motion for summary judgment. The State was not hiding the ball here – they had provided in initial disclosures an opinion Fahey gave in another case that was somewhat similar to that given here. *See Declaration (Dkt. No. 113-3).* The State was originally going to call another FWS witness, but when he became unavailable, the State's counsel discussed this verbally with plaintiffs' counsel and notified him that Fahey may be called instead. But the State did not list Fahey on its witness list, which may have caused some confusion, and the plaintiffs had no real opportunity to take any discovery concerning her original Declaration, given the timing of its filing. Plaintiffs had little incentive to ask for a delay to conduct discovery because Fahey's Declaration did not clearly address her authority to speak for the FWS, a ground for challenge that did not require discovery and was adopted by the Court in its earlier decision.

This brief review shows that both parties were proceeding in good faith and with due diligence. Nevertheless, the plaintiffs have not been able to depose Fahey and are entitled to do so before the motion to reconsider is resolved. The Court will therefore deny the motion to reconsider without prejudice to the right of the State to refile the

motion after plaintiffs have had an opportunity to depose Fahey and conduct any necessary discovery with the FWS.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 105) is DENIED without prejudice to the right of the State to refile the motion after the plaintiffs have been able to take discovery of Bridget Fahey and the FWS.

IT IS FUTHER ORDERED, that the plaintiffs shall conduct the discovery of Bridget Fahey and the FWS within the next sixty (60) days.

DATED: September 24, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court